UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: the ESTATE of SELMA FREEMAN CLARK, <br><br> Deceased, <br><br> GEORGE FREEMAN, <br><br> Plaintiff, <br><br> v. <br><br> GWENDOLYN M. YOUNG, FLORENCE (aka SALLY) E. EVENS, TIM BOZE, PACIFIC NORTHWEST TITLE COMPANY OF SPOKANE, RONALD THOMAS, NATIONAL CITY MORTGAGE, DONNA R BERROTERAN, JANE & JOHN DOE 1-5, <br><br> Defendants. | NO. CV-05-202-RHW <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT AGAINST FLORENCE E. EVANS AND DONNA R. BERROTERAN** |

Before the Court is Plaintiff's Motion to Enter Default Judgment against Florence E. Evans and Donna R. Berroteran (Ct. Rec. 44). The motion was heard without oral argument.

Plaintiff seeks to have the Court enter default judgment against Defendants Florence E. Evans and Donna R. Berroteran. Plaintiff argues that he is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure (FRCP) because the two Defendants have failed to "plead or otherwise defend" Plaintiff's claims for affirmative relief against them. Since the filing of the instant motion, Defendant Berroteran has filed her answer to the complaint (Ct. Rec. 52), thereby

**ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT** ~ 1

precluding entry of default judgment against her.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 7, 2005 (Ct. Rec. 1). According to Shawn Eyman's Declaration of December 12, 2005 (Ct. Rec 13), a copy of the Complaint and Waiver of Summons was mailed to Defendant Florence E. Evans's residence on July 19, 2005 and on July 26, 2005. Defendant Evans did not return the Waiver of Summons or otherwise appear. According to T. Bradley's Declaration of March 27, 2006 (Ct. Rec. 34), Defendant Evans was served with a copy of the Complaint and Summons at her residence on March 23, 2006.[1]

Rule 4(e)(2) of the FRCP stipulates that service upon an individual within a judicial district of the United States may be effected by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies of the same at the individual's dwelling place with a person of suitable age and discretion. T. Bradley's declaration states that a copy of the summons and complaint was delivered personally to Defendant Evans. Thus, she appears to have been properly served.

Rule 12(a) of the FRCP stipulates that a defendant shall serve an answer within 20 days after being served with the summons and complaint. There do not appear to be any defects in the manner in which Defendant Evans was served. Plaintiff thus has a sound basis on which to move the Court to enter default judgment.

## DISCUSSION

Rule 55 provides for the entry of default with regard to a claim for affirmative relief against a party who has failed to plead or otherwise defend as

---

[1] The Court may recall that Plaintiff had moved the Court to order service by publication with respect to Defendant Evans (Ct. Rec. 23); the Court denied his motion on March 10, 2006.

**ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT ~ 2**

provided by the FRCP. A district court's decision whether to enter a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). Default judgments are ordinarily disfavored and cases should be decided upon their merits whenever reasonably possible. *Eitel v. McCool*, 782 F. 2d 1470, 1472 (9th Cir. 1986).

The Ninth Circuit, in *Eitel*, listed factors that may be considered by a court in exercising discretion as to the entry of a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

Several of the *Eitel* factors counsel against granting Plaintiff's motion for an entry of default judgment against Defendant Evans at this time.

First, there is little prospect of Plaintiff being prejudiced if default judgment were not entered at this time. Defendant Evans is not the only defendant, and is not a principal player in the racketeering conspiracy Plaintiff alleges, therefore the chances of Plaintiff's eventually succeeding on the merits are not prejudiced by the failure of Defendant Evans to respond to his complaint. Second, the merits of Plaintiff's substantive claims are unclear, and there is a strong possibility of there being a dispute concerning material facts. Finally the strong policy underlying the Federal Rules favoring decisions on the merits weighs against granting default judgment.

///
///
///
///
///

**ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT** ~ 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Enter Default Judgment against Florence E. Evans and Donna R. Berroteran (Ct. Rec. 44) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 28th day of July, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Freeman\default-judgment.deny.order.wpd

**ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT** ~ 4