UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: the ESTATE of SELMA FREEMAN CLARK, Deceased, <br><br> GEORGE FREEMAN, <br><br>    Plaintiff, <br><br> v. <br><br> GWENDOLYN M. YOUNG, FLORENCE (aka SALLY) E. EVENS, TIM BOZE, PACIFIC NORTHWEST TITLE COMPANY OF SPOKANE, RONALD THOMAS, NATIONAL CITY MORTGAGE, DONNA R BERROTERAN, JANE & JOHN DOE 1-5, <br><br>    Defendants. | NO. CV-05-202-RHW <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT; IN PART; AND ORDERING ADDITIONAL BRIEFING** |

Before the Court are Defendant Young's Motion to Dismiss (Ct. Rec. 54); Defendants National City Mortgage Company's and Ronald Thomas' Motion for Summary Judgment (Ct. Rec. 60); Defendant Tim Boze's and Pacific Northwest Title Company's Motion to Dismiss (Ct. Rec. 48); and Plaintiff's Motion to Extend Time to Reply to Defendants' Summary Judgment and Rule 12(b)(6) Motions (Ct. Rec. 66). On October 24, 2006, a telephonic hearing was held on the pending motions. Plaintiff participated *pro se*. Defendants were represented by Keith E. Briggs, Joseph G. Nolan, and Susan J. Robinson.

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT** ~ 1

**BACKGROUND**

Plaintiff brings this action to recover the estate of his deceased mother and be appointed the executor of her estate. Plaintiff claims that Defendant Gwendolyn Young and Defendant Donna Berroteran coerced his incompetent mother into signing a Durable Power of Attorney on April 16, 1997. Plaintiff claims that Young then proceeded in a fraudulent scheme to deplete Plaintiff's mother's estate. Plaintiff alleges federal claims under 42 U.S.C. § 1983, and 18 U.S.C. § 1964 (civil RICO), as well as additional state claims.

Previously in 2004, Plaintiff filed a complaint in Spokane County Superior Court, alleging almost identical state law claims as contained in his federal complaint. That complaint was dismissed with prejudiced on December 20, 2004. Plaintiff has appealed that dismissal to the Washington Court of Appeals.

**DISCUSSION**

The Court's subject matter jurisdiction to hear Plaintiff's complaint lies with Plaintiff's invocation of 42 U.S.C. § 1983 and 18 U.S.C. § 1964. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**A.    Standard of Review**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the court accepts all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*,

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT ~ 2**

250 F.3d at 732.

On the other hand, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

**B.     Federal Claims**

In his complaint, Plaintiff asserts federal claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1964. Although some of the Defendants briefly touched on the civil RICO claim in their memorandum, none of the Defendants addressed whether Plaintiff has stated a claim under section 1983.

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute . . .of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." In reviewing the record, it appears that Plaintiff's claim would fail because his complaint fails to demonstrate that Defendants are state actors for purposes of section 1983. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001). Even so, the Court will not address this issue without adequate briefing from the parties. The parties are directed to provide further briefing on whether Plaintiff has sufficiently plead a section 1983 claim.

Defendant's failure to adequately address Plaintiff's federal civil RICO

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT ~ 3**

claim is problematic as well, notwithstanding that it appears that Plaintiff has failed to demonstrate that Defendants are an "enterprise" as contemplated by the federal RICO statute, or that Defendants engaged in a "pattern of racketeering." Rather than thoroughly analyze Plaintiff's RICO Statement of the Case to determine whether Plaintiff stated a claim, Defendants relied on conclusory statements of the law arguing that the RICO claims should be dismissed, which is unhelpful to the Court.

Pursuant to 18 U.S.C. § 1964(c), "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . ." Section 1962, which is specifically referenced by § 1964(c), authorizes four separate causes of actions. Plaintiff refers to subsections (a),(c) and (d) in his complaint. In his RICO Case Statement, Plaintiff refers to all four sections.

18 U.S.C. § 1962(a) makes it unlawful to use or invest any part of the income or proceeds that were derived from a pattern of racketeering activity, or through the collection of an unlawful debt, to acquire an enterprise which is engaged in the activities which affect interstate or foreign commerce.

18 U.S.C. § 1962(b) makes it unlawful to acquire or maintain any interest in, or control of, any enterprise that is engaged in or affects interstate commerce through a pattern of racketeering activity or collection of an unlawful debt.

18 U.S.C. § 1962(c) makes it unlawful for any person to conduct or participate in the conduct or the affairs of an enterprise that is engaged in or affects interstate commerce through a pattern of racketeering activity or collection of an unlawful debt. *See also Miller v. Yokahama Tire Corp*, 358 F.3d 616, 620 (9th Cir. 2004) ("Liability under § 1962(c) requires (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.")(citations omitted).

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT** ~ 4

18 U.S.C. § 1962(d) makes it unlawful for any person to conspire to violate the provisions 18 U.S.C. § 1962(a)-(c). Plaintiff need not prove that any substantive RICO violations ever occurred as a result of the conspiracy. *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n.*, 298 F.3d 768, 777 (9th Cir. 2002). It is the mere agreement to violate RICO that is prohibited by section 1962(d). *Id.*

In order to establish any one of the four RICO claims, Plaintiff must show a "pattern of racketeering" and must establish the existence of "an enterprise." Under the RICO statute, a "pattern of racketeering activity" requires at least two acts of racketeering activity (and maybe more),[1] one of which occurred after the effective date of the RICO statute (1970) and the last of which occurred within 10 years after the commission of a prior act of racketeering activity (meaning occurring within 10 years of each other). Racketeering activity "consists of no more and no less than the commission of a predicate act." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495 (1985). The predicates must be related and amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Section 1961 outlines an exhaustive list of predicate acts.[2]

Here, it does not appear that the events surrounding the sale of Plaintiff's

---

[1] *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985)(holding that the statement that a pattern "requires at least" two predicates implies "that while two acts are necessary, they may not be sufficient.").

[2] Section 1961(1) contains an exhaustive list of acts of "racketeering," commonly referred to as "predicate acts." This list includes extortion, mail fraud, and wire fraud, bank fraud, obstruction of justice, tampering with a witness, victim or an informant, retaliation against a witness, victim, or informant. *Beck v. Prupis*, 529 U.S. 494, 497 n.2 (2000).

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT ~ 5**

mother's property establish a pattern of racketeering activity as contemplated by Congress nor is there any threat of future criminal activity. *See Religious Technology Center v. Wollersheim*, 971 F.2d 364, 366-67 (9th Cir. 1992) (per curiam) (holding that a pattern of activity lasting only a few months does not reflect the "long term criminal conduct" to which RICO was intended to apply). In *Religious Technology Center*, the Ninth Circuit stated that it has found no cases in which a court had held the requirement to be satisfied by a pattern of activity lasting less than one year. *Id.*

Under the RICO statute, an "enterprise" includes any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact, although not a legal entity. 18 U.S.C. § 1961(4). A RICO enterprise must possess three essential characteristics: (1) a common or shared purpose; (2) continuity of structure and personnel; and (3) an ascertainable structure distinct from that in the pattern of racketeering activity. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996).

A group does not constitute an enterprise unless it exists independently from the racketeering activity in which it engages. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir. 2000). At a minimum, it must have "some sort of structure . . . for the making of decisions" and "some mechanisms for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis." *Id*. (citations omitted). A conspiracy is not an enterprise for the purposes of RICO. *Id.*

At oral argument, Plaintiff had difficulty distinguishing between the enterprise and the conspiracy, and his pleadings also fail to make this distinction. This may prove fatal to Plaintiff's federal civil RICO claim. Even so, the Court is reluctant to address the adequacy of Plaintiff's federal civil RICO claims without further briefing from the parties.

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT** ~ 6

**C.     State Claims**

For the most part, Defendants rely on the doctrine of *res judicata* to argue that Plaintiff is barred from bringing this action. While the doctrine of *res judicata* may not apply to Plaintiff's federal civil RICO claim,[3] it does apply to Plaintiff's state law claims.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A federal court must give to a state court judgment the same preclusive effect as would the courts of the state in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). *Res judicata* requires a concurrence of identity of four elements: (1) cause of action; (2) subject matter; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Schoeman v. New York Life Ins. Co.*, 106 Wash. 2d 855, 858 (1986). *Res judicata* also requires a final judgment on the merits. *Id.* at 860. A dismissal with prejudice constitutes a final judgment on the merits. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash.2d 853, 866 n.10 (2004).

*Res judicata* requires identity in cause of action. *Pederson v. Potter*, 103 Wash. App. 62, 72 (2000). Washington courts have applied the following criteria for determining such identity: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* Here, it is

---

[3]The parties failed to address whether *res judicata* applies to Plaintiff's federal causes of actions. The parties are invited to address this issue, if necessary, in their supplemental briefing.

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT ~ 7**

undisputed that substantially the same evidence would be presented in both actions, both suits involve the infringement of the same rights recognized by state law, and the two suits arise out of the same transactional nucleus of facts.

*Res judicata* also requires identity of subject matter of both actions. *Id.* at 73. Here, both actions involve the sale of Plaintiff's mother's property. The doctrine also requires that both causes of action have identity in persons and parties. *Id.* Both actions involve the same Defendants, so there is identity in persons and parties. Finally, *res judicata* requires identity in the quality of persons for or against whom the claim is made. *Id.* If the parties are identical, the quality of the persons is also identical. *Id.*

In this case, the state claims were fully litigated in Spokane County Superior Court and the matter is currently being appealed to the Court of Appeals. Plaintiff's attempt to bring the same identical claims in federal court is exactly the type of conduct that is barred by the doctrine of *res judicata*. Accordingly, Plaintiff's state law claims are dismissed, with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Young's Motion to Dismiss (Ct. Rec. 54), is **GRANTED, in part**.

2. Defendants National City Mortgage Company's and Ronald Thomas' Motion for Summary Judgment (Ct. Rec. 60) is **GRANTED**, **in part**.

3. Defendants Tim Boze's and Pacific Northwest Title Company's Motion to Dismiss (Ct. Rec. 48) is **GRANTED**, **in part**.

4. Plaintiff's Motion to Extend Time to Reply to Defendants' Summary Judgment and Rule 12(b)(6) Motions (Ct. Rec. 66) is **GRANTED**, **in part**.

5. The state claims asserted against the Defendants are **DISMISSED, with prejudice.**

6. On or before **November 22, 2006**, the parties are directed to file

undisputed that substantially the same evidence would be presented in both actions, both suits involve the infringement of the same rights recognized by state law, and the two suits arise out of the same transactional nucleus of facts.

*Res judicata* also requires identity of subject matter of both actions. *Id.* at 73. Here, both actions involve the sale of Plaintiff's mother's property. The doctrine also requires that both causes of action have identity in persons and parties. *Id.* Both actions involve the same Defendants, so there is identity in persons and parties. Finally, *res judicata* requires identity in the quality of persons for or against whom the claim is made. *Id.* If the parties are identical, the quality of the persons is also identical. *Id.*

In this case, the state claims were fully litigated in Spokane County Superior Court and the matter is currently being appealed to the Court of Appeals. Plaintiff's attempt to bring the same identical claims in federal court is exactly the type of conduct that is barred by the doctrine of *res judicata*. Accordingly, Plaintiff's state law claims are dismissed, with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Young's Motion to Dismiss (Ct. Rec. 54), is **GRANTED, in part**.

2. Defendants National City Mortgage Company's and Ronald Thomas' Motion for Summary Judgment (Ct. Rec. 60) is **GRANTED**, **in part**.

3. Defendants Tim Boze's and Pacific Northwest Title Company's Motion to Dismiss (Ct. Rec. 48) is **GRANTED**, **in part**.

4. Plaintiff's Motion to Extend Time to Reply to Defendants' Summary Judgment and Rule 12(b)(6) Motions (Ct. Rec. 66) is **GRANTED**, **in part**.

5. The state claims asserted against the Defendants are **DISMISSED, with prejudice.**

6. On or before **November 22, 2006**, the parties are directed to file

1 supplemental briefing specifically addressing whether Plaintiff has adequately
2 plead federal claims.
3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
4 Order and forward copies to Plaintiff and counsel.
5    **DATED** this 25th day of October, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

14 Q:\CIVIL\2005\Freeman\dismiss.ord.wpd

**ORDER DENYING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION; DENYING MOTION TO APPOINT ATTORNEY TO REPRESENT DEFENDANT ~ 9**